UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY AUSBORN,<br><br>             Plaintiff,<br><br>     v.<br><br>KERN COUNTY SHERIFF DEPT., et al.,<br><br>             Defendant. | Case No.: 1:22-cv-00210-SKO (PC)<br><br>**ORDER REGARDING PLAINTIFF'S MISCELLANEOUS REQUESTS**<br><br>(Docs. 4, 5, 6, 7, 9) |

Plaintiff Randy Ausborn, a Kern County jail inmate, initiated this action on February 18, 2022, appearing *pro se* and pursuant to 42 U.S.C. § 1983. (Doc. 1.)

**I.     Introduction**

On February 23, 2022, the Court issued an "Order Striking Unsigned Complaint and Requesting Plaintiff to File a Signed Complaint," and "Order to Submit Prisoner Application to Proceed *In Forma Pauperis* or Pay Filing Fee." (Doc. 3.) Plaintiff filed a signed First Amended Complaint on March 16, 2022. (Doc. 10.)

**II.     Discussion**

Since the issuance of the February 23, 2022, Order, Plaintiff has sent and filed five separate documents with the Court. (Docs. 4, 5, 6, 7, 9.) None are responsive to the Court's February 23, 2022, order.

//

The nearly illegible documents make requests of this Court that are not ripe, are improper or beyond this Court's authority. For example, in a document dated February 28, 2022, Plaintiff requests the "court to order Kern Sheriff Dept and Kern County Board Supervisor to order resist all [ineligible] to Mr. Randy Ausborn …" and asks the Court "to have Sheriff Dept get me medical care at Mercy Hospital" and "to have Sheriff Dept get medical help by ambulance not pa[t]rol car." (Doc. 4 at 1.) In a document dated March 4, 2022, Plaintiff requests that the "court to open the Kern County Sheriff Dept to get me medical help by medical[] dr," and "to order the Kern Sheriff Dept to get me right medical." (Doc. 5 at 1.) In a document dated March 5, 2022, Plaintiff asks the undersigned "to order Sheriff Dept to get me legal copy of my court date," and "to order Sheriff Dept to turn vid[e]o in justice facility to me." (Doc. 7 at 1-2.) Plaintiff also asks for the Court "to order my [illegible] to get outside help without be used by Kern Medical" (*id*. at 4) and concludes his five-page document with "I ask United States Magistrate Judge Sheila K. Oberto to order this" (*id*.at 5).

In a document dated March 6, 2022, Plaintiff advises the court his cane was broken and that "no one cares" or responds to his questions. (Doc. 6 at 1-2.) Plaintiff states: "I ask court to [ineligible] to have different medical help not [ineligible] with Kern Medical. Ask Sheriff Dept of Kern County to do this. I ask court stop Sheriff Dept for takes my medical wheel chair. I ask court to gave me [ineligible] or corridor A2 my door. I ask for films." (*Id*. at 3.) In a document dated February 26, 2002, and filed March 16, 2022, Plaintiff makes similar requests, including "I ask court to order Sheriff Dept to get me to another dr. Sara Gonzalez MD at Kern Medical does not want to help me. I ask to stop Kern Medical and Sheriff Dept stop RN call out at night or weekend under 8th Amendment rights." (Doc. 9 at 1.) Plaintiff also states: "I ask court to order Kern County Sheriff Dept to get vi[deo] I need for my defense against County of Kern. I ask court to get medical record from Kern Medical. I ask go against [HIPPA] right now." (*Id*. at 2.) Plaintiff further states: "I ask court to look at my motions against Kern County Sheriff Dept and [illegible]. I ask court to order Kern County Sheriff Dept send me medical dr when I am now [illegible] and in pain. I ask Sheriff Dept get me to Mercy [illegible] not Kern Medical hospital under legal action against the County of Kern." (*Id*. at 3.) The Court will not consider these

requests as they are not proper requests.

Plaintiff is advised that the Court will not issue orders directing any defendant to take any action unless and until the Court has screened Plaintiff's First Amended Complaint. 28 U.S.C. 1915A(a). This will likely take some time to complete as this Court is one of the busiest federal district courts in the nation. It may be months before the undersigned issues a Screening Order addressing the claim or claims raised in Plaintiff's First Amended Complaint, to determine whether it states a claim or claims upon which relief can be granted. After the Court has determined Plaintiff has sufficiently pled a claim or claims upon which relief can be granted, it will order service of the complaint upon any properly named defendant. Defendants are not required to respond to Plaintiff's complaint until instructed to do so by the Court.

Plaintiff shall refrain from sending correspondence to the Court asserting multiple requests for action and orders that are not proper at this stage of the proceedings. Plaintiff shall also refrain from sending correspondence to the Court advising of daily occurring events.

**CONCLUSION**

For the reasons set forth above, Plaintiff's miscellaneous requests or motions are hereby DENIED. (*See* Docs. 4, 5, 6, 7, 9.) Plaintiff shall refrain from sending correspondence to the Court asserting multiple and duplicative requests that are improper at this stage of the proceedings. Plaintiff shall also refrain from sending correspondence to the Court advising of daily occurring events.

IT IS SO ORDERED.

Dated:   **March 17, 2022**            /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE

3