UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY AUSBORN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY SHERIFF DEPT., et al.,<br><br>　　　　　Defendant. | Case No.: 1:22-cv-00210-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSSED FOR FAILURE TO OBEY COURT ORDERS AND FOR FAILURE TO PROSECUTE**<br><br>**21-DAY DEADLINE** |

Plaintiff Randy Ausborn, a pretrial detainee, is appearing *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.　　RELEVANT PROCEDURAL BACKGROUND**

On March 16, 2022, Plaintiff filed a First Amended Complaint, (Doc. 10), and submitted an Application to Proceed In Forma Pauperis ("IFP") by a Prisoner (Doc. 11).

On March 17, 2022, the Court issued its Order to Submit Inmate Trust Statement, providing Plaintiff with 30 days within which to provide an inmate trust statement. (Doc. 12.) The Court also issued its Order Regarding Plaintiff's Miscellaneous Requests on March 17, 2022. (Doc. 13.)

On April 4, 2022, Plaintiff submitted a Second Amended Complaint. (Doc. 15.) Plaintiff also submitted two separate applications to proceed IFP. (*See* Docs. 16 & 17.) Plaintiff did not submit an inmate trust statement.

On April 25, 2022, the Court issued its Order Regarding Plaintiff's Pending Applications for Leave to Proceed In Forma Pauperis. (Doc. 21.) The Court identified the various deficiencies in Plaintiff's previous submissions. (*Id*. at 2-3.) As a result, Plaintiff was ordered to submit a "single, properly completed IFP application with the Court" no later than May 27, 2022. (*Id*. at 3.)[1] As of today's date, Plaintiff has failed to comply with the Court's order.[2]

## II.  DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Plaintiff has failed to comply with the Court's March 17, 2022, and April 25, 2022, orders. Plaintiff did not submit an inmate trust statement as ordered in March nor did he submit a single, complete IFP application as ordered in April. And, in failing to comply with the Court's orders, Plaintiff is failing to prosecute this action.

## III.  CONCLUSION AND ORDER

For the reasons stated above, the Court ORDERS Plaintiff to show cause in writing, **within 21 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's March 17, 2022 and April 25, 2022, orders.

---

[1] Additionally, the Clerk of the Court was directed to provide Plaintiff with a blank Application to Proceed In Forma Pauperis by Prisoner form. (Doc. 21 at 3.)

[2] A clerk's docket entry dated May 2, 2022, indicates this Order was returned marked "Undeliverable, Return to Sender, Refused, Unable to Forward."

**WARNING: Failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey court orders and for a failure to prosecute.**

IT IS SO ORDERED.

Dated:   **June 6, 2022**                    /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE