UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY AUSBORN,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY SHERIFF DEPT., et al.,<br><br>　　　　　　　Defendant. | Case No.: 1:22-cv-00210-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS**<br><br>**14-DAY DEADLINE**<br><br>Clerk to Assign District Judge |

Plaintiff Randy Ausborn, a pretrial detainee, is appearing *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.　　RELEVANT PROCEDURAL BACKGROUND**

On March 16, 2022, Plaintiff filed his First Amended Complaint, (Doc. 10), and an Application to Proceed In Forma Pauperis ("IFP") by a Prisoner (Doc. 11).

On March 17, 2022, the Court issued its Order to Submit Inmate Trust Statement, providing Plaintiff 30 days within which to provide an inmate trust statement. (Doc. 12.) The Court also issued its Order Regarding Plaintiff's Miscellaneous Requests on March 17, 2022. (Doc. 13.)

//

//

On April 4, 2022, Plaintiff submitted a Second Amended Complaint, (Doc. 15), and two separate applications to proceed IFP (*See* Docs. 16 & 17).  Plaintiff did not submit an inmate trust statement.

On April 25, 2022, the Court issued its Order Regarding Plaintiff's Pending Applications for Leave to Proceed In Forma Pauperis. (Doc. 21.) The Court identified the various deficiencies in Plaintiff's previous submissions. (*Id*. at 2-3.)  Plaintiff was ordered to submit a "single, properly completed IFP application with the Court" no later than May 27, 2022. (*Id*. at 3.)[1] Plaintiff failed to comply with the Court's order. A clerk's docket entry dated May 2, 2022, indicates this Order was returned marked "Undeliverable, Return to Sender, Refused, Unable to Forward."

On June 7, 2022, the Court issued an Order to Show Cause ("OSC") why this action should not be dismissed for Plaintiff's failure to obey court orders and failure to prosecute. (Doc. 22.) Plaintiff was given 21 days within which to respond to the OSC. (*Id.* at 2.) More than 21 days have passed, and Plaintiff has failed to respond.  The clerk's docket entry dated June 21, 2022, also indicates the OSC was returned marked "Undeliverable, Return to Sender, Unable to Forward."

As of today's date, Plaintiff has not filed an updated notice of change of address or otherwise provided the Court with updated contact information.

## II. DISCUSSION

### A. Legal Standard

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a

---

[1] The Clerk of the Court was also directed to provide Plaintiff with a blank Application to Proceed In Forma Pauperis by Prisoner form. (Doc. 21 at 3.)

2

party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

A party is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

### B. Analysis

Here, Plaintiff has failed to file a properly completed IFP application despite being ordered to do so on April 25, 2022. (Doc. 21.) Plaintiff has also failed to respond to this Court's OSC of June 7, 2022. (Doc. 22.) The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d at 1440.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). More than 60 days have passed since the Court ordered Plaintiff to provide the information necessary for its determination regarding Plaintiff's IFP status. Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, weighing in favor of dismissal for a risk of prejudice to defendants. *Anderson v. Air W.*,

3

542 F.2d at 524; *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here because Plaintiff has failed to move his case forward. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted); *Henderson v. Duncan*, 779 F.2d at 1424.

Regarding the last factor, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. In its April 25, 2022 Order, the Court stated: "**Plaintiff is warned that the failure to comply with this order will result in a recommendation that this action be dismissed**." (Doc. 21 at 4.) The Court's OSC of June 7, 2022, also included the following: "**WARNING: Failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey court orders and for a failure to prosecute**." (Doc. 22 at 3.) Thus, the fifth factor weighs in favor of dismissal because Plaintiff has received adequate warning that dismissal could result from his noncompliance.

Finally, Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 183(b). According to the Court's docket, mail directed to Plaintiff was returned to the Court on May 2, 2022. More than 63 days have passed and Plaintiff has failed to file a change of address with the Court. Given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. *In re PPA,* 460 F.3d at 1228–29; *Carey*, 856 F.2d at 1441. The undersigned will recommend that this action be dismissed, without prejudice, for Plaintiff's failure to prosecute this action and for his failure to obey court orders.

//

//

### III. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS that this action be DISMISSED, without prejudice, for Plaintiff's failure to prosecute and failure to obey court orders.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 7, 2022**                    /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE